JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SOO CHUNG a/k/a STEVE CHUNG, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No: CV 18-4900-GW-JPRx<br><br>**FINAL JUDGMENT, INCLUDING PERMANENT INJUNCTION, AGAINST DEFENDANT SOO CHUNG**<br><br>**Hon. George H. Wu** |

The Court, pursuant to the Stipulation for Entry of Final Judgment, including Permanent Injunction, against Defendant Soo Chung ("Stipulation"), by and between Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "Plaintiffs"), through their respective counsel of record, and

Defendant Soo Chung ("Defendant"), in *pro se*, filed concurrently herewith, hereby ORDERS, ADJUDICATES and DECREES that a final judgment, including permanent injunction, shall be and hereby is entered against Defendant in the above-referenced matter as follows:

1. **FINDING OF FACTS.**

    a. This case involves Plaintiffs' claims of Trademark Infringement arising under 15 U.S.C. § 1114, False Designation of Origin under 15 U.S.C. § 1125(a), Trademark Dilution under 15 U.S.C. § 1125(c), and Unfair Business Practices pursuant to California *Business & Professions Code* § 17200.

    b. Plaintiffs are the manufacturers and source of the world famous BMW® line of automobiles, automobile parts and automobile accessories, and use and own various trademarks and other intellectual properties on and in connection with such products and services, including, among others, their BMW®, ///M®, MINI®, and/or MINI COOPER® word and design marks along with various other trademark applications and registrations therefore in the United States and abroad (collectively "BMW Trademarks").

    c. Defendant Soo Chung is an individual residing at 30 W Bayview Avenue, Englewood Cliffs, New Jersey 07632-1401.

    d. Defendant uses the aliases "Steve Chung," "Steve," and the alias company name "Value-Part," and conducts business at the addresses: 30 W Bayview Avenue, Englewood Cliffs, New Jersey 07632-1401; and PO Box 1123, Englewood Cliffs, New Jersey 07632-0123.

    e. Defendant uses numerous eBay Seller IDs, including but not limited to "hybridjin," "usa_captain," "2020cpath," "valuepart," "mjcssc," "goodparts-store," "aaa-1parts," "aceeuc_msxxyig," "aaa-valuepart," "urt_56," "hivaluecap," "value-partmall," "greenpartstore," and "amazingmall2c."

    f. Defendant has used a number of PayPal accounts and email addresses, including but not limited to, accounts connected to the email addresses:

stevechung2004@gmail.com, valuepart2020@gmail.com, q3434@msn.com, as well as PayPal account numbers 1594973057032922015, 1616526924649194509, 1706352994966069974, 1850806944417027791, 1871953708884627352, 1890928907970818083, and 2225635599348379718.

      g.      Defendant represents and warrants that he: (i) conducted Two Thousand Eight Hundred Ninety-Five (2,895) transactions and received approximately Twenty-Seven Thousand Nine Hundred Seventy-Six Dollars and Thirty-Five Cents ($27,976.35) in net sales revenue connected to his infringing conduct and sale of infringing products.

      h.      Defendant acknowledges that consumers and/or purchasers in the United States have come to recognize BMW Trademarks, and Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the BMW Trademarks are famous in the United States.

      i.      Defendant acknowledges and does not contest that he manufactured, designed, offered for sale, sold, and/or distributed products bearing BMW Trademarks and used BMW Trademarks in the advertising of products offered for sale to consumers online.

      j.      Defendant acknowledges and does not contest Plaintiffs' exclusive rights in and to the BMW Trademarks, including the exclusive right to distribute products using, embodying, comprised of, and/or bearing the BMW Trademarks.

      k.      Defendant acknowledges that his infringing conduct and the sale of infringing products include the sale of unauthorized and/or counterfeit products which displayed, infringed, and diluted Plaintiff's Trademarks; that his activities have infringed Plaintiffs' rights thereto; and that his conduct and activities constitute federal trademark infringement, false designation of origin, trademark dilution, and unfair business practices pursuant to California law.

///

2. **MONETARY JUDGMENT.** Pursuant to 15 U.S.C. § 1117(c), Plaintiffs are entitled to recover not less than $1,000.00 or more than $200,000.00 per counterfeit mark per type of goods or service in connection with the sale, offering for sale, or distribution of such goods. Pursuant to the parties' stipulation and as ordered by this Court herein, Plaintiffs are entitled to recover, and Defendant shall pay to Plaintiffs the total sum of Fifty Thousand Dollars ($50,000.00) on Plaintiffs' Complaint for Damages.

3. **PERMANENT INJUNCTION.** Defendant is hereby restrained and enjoined, pursuant to 15 *United States Code* ("U.S.C.") § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   i. copying, manufacturing, designing, importing, exporting, purchasing, marketing, advertising for sale, offering for sale, selling, distributing or otherwise dealing in any product or service that uses, or otherwise makes any other unauthorized use of, any of BMW's trademarks, including but not limited to the BMW® (U.S.P.T.O. Reg. Nos. 0,611,710; 0,613,465; 1,450,212; 2,816,178; 4,293,991), ///M® (U.S.P.T.O. Reg. Nos. 1,438,545; 3,526,899; 3,767,662; 3,767,663), MINI® (2,746,570; 2,812,820; 3,462,517; 3,507,903; 3,515,455), and/or MINI COOPER® (U.S.P.T.O. Reg. Nos. 2,376,477; 3,969,191) trademarks (collectively "BMW Trademarks"), and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any BMW Trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   ii. advertising or displaying images and/or photographs of non-genuine BMW products using BMW Trademarks;

///

    iii. using BMW Trademarks, including but not limited to the BMW®, ///M®, MINI®, and/or MINI COOPER® trademarks in advertising to suggest that non-genuine BMW products being advertised are sponsored by, endorsed by, or are otherwise affiliated with BMW and/or advertising non-genuine BMW automotive parts using descriptions that imply that the products are genuine BMW products.  In no event may any BMW®, ///M®, MINI®, and/or MINI COOPER®-related logos, design marks, or other graphical trademarks be used by Defendant under this exception;

    iv. performing or allowing others employed by Defendant or under Defendant's control, to perform any act or thing which is likely to injure Plaintiffs, any BMW Trademarks, and/or BMW's business reputation or goodwill.

    v. engaging in any acts of trademark infringement, false designation of origin, dilution, unfair business practices under California law, or other act which would tend damage or injure Plaintiffs; and/or

    vi. using any Internet domain name, URL or online seller name/ID that includes any BMW Trademarks.

  4. Defendant is ordered to deliver immediately to Plaintiffs for destruction all alleged infringing products bearing BMW Trademarks to the extent that any of these items are in Defendant's possession, custody, or control.

  5. This Final Judgment, including Permanent Injunction, shall be deemed to have been served upon Defendants at the time of its execution by the Court.

  6. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to *Federal Rule of Civil Procedure* 54(a), the Court directs immediate entry of this Permanent Injunction against Defendant.

  7. **NO APPEALS AND CONTINUING JURISDICTION.**  No appeals shall be taken from this Final Judgment, including permanent injunction, against Defendant, and BMW and Defendant waive all rights to appeal.  This Court

- 5 -
**[PROPOSED] FINAL JUDGMENT**

expressly retains jurisdiction over this matter to enforce any violation of the terms of this Final Judgment, including permanent injunction, against Defendant, as well as any violations of the terms of the separate underlying Confidential Settlement Agreement between the Parties.

8. **NO FEES AND COSTS.** Each party shall bear their own attorneys' fees and costs incurred in this matter.

9. **DISMISSAL.** Upon entry of this Final Judgment, including Permanent Injunction against Defendant, the case shall be dismissed with prejudice.

IT IS SO ORDERED, ADJUDICATED and DECREED this 13th day of May 2019.

_____
HON. GEORGE H. WU,
United States District Judge